UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **KIM WESTERKAMP**<br>8706 Pine Rd.<br>Cincinnati, Ohio 45242 | Case No. 1:21-CV-00655<br><br>Judge |
| and | |
| **THERESA HILL**<br>5273 Hopewell Valley Drive<br>Morrow, OH 45142 | |
| On behalf of themselves and those similarly situated, | |
| v. | **COLLECTIVE ACTION<br>COMPLAINT AND JURY DEMAND** |
| **UNITED ENERGY WORKERS<br>HEALTHCARE CORPORATION**<br>614 E. Main St., Suite C<br>Riverton, WY 82501 | |
| and | |
| **CHAD SHUMWAY**<br>614 E. Main St., Suite C<br>Riverton, WY 82501 | |
| and | |
| **TRAVIS SHUMWAY**<br>614 E. Main St., Suite C<br>Riverton, WY 82501 | |
| and | |
| **STEPHANIE PETERSON**<br>614 E. Main St., Suite C<br>Riverton, WY 82501 | |
| **Defendants.** | |

**PRELIMINARY STATEMENT**

1. Plaintiffs Kim Westerkamp and Theresa Hill, on behalf of themselves and all similarly situated individuals, bring this opt-in collective action against Defendants United Energy Workers Healthcare Corporation ("UEW"), Chad Shumway, Travis Shumway, and Stephanie Peterson for willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiffs allege that Defendants willfully and repeatedly violated the FLSA in operating their home-healthcare agency by using various schemes to evade overtime obligations under the FLSA. Specifically, Defendants failed to pay Plaintiffs and similarly situated individuals time-and-a-half compensation for their hours worked in excess of 40 hours per week by: (1) misclassifying them as independent contractors and paying them at a rate equal to or less than their regularly hourly rate of pay for any hours worked over 40 in a week; and/or (2) paying them as employees but only at their regular hourly rate of pay for any hours worked over 40 in a week.

3. Plaintiffs seek to represent the "Hourly Healthcare Collective" consisting of all current and former hourly healthcare providers employed by UEW or other related entities over which it exercises operational control who were not paid time-and-a-half their normal hourly rate for work performed in excess of 40 hours in a week. These employees include registered nurses, licensed practical nurses, home health aides, nursing assistants, personal care assistants, and others employed on an hourly basis.

4. Plaintiffs, on behalf of themselves and the Hourly Healthcare Collective, seek appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate them in accordance with federal wage laws.

**JURISDICTION AND VENUE**

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by the FLSA.

6. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio, and Defendant UEW is an Ohio corporation.

**PARTIES**

**A. Plaintiffs**

    **1. Plaintiff Kim Westerkamp**

7. Plaintiff Kim Westerkamp ("Westerkamp") is a resident of Ohio and a United States citizen. Westerkamp has been employed by UEW as a registered nurse working out of its Cincinnati office since approximately February 2019.

8. At all times relevant to this Complaint, Westerkamp: (a) has been an "employee" of UEW as that term is defined by the FLSA; (b) has been paid by UEW on an hourly basis; (c) has been eligible to receive overtime compensation under the FLSA; and (d) has not received overtime compensation of time-and-a-half her regular rate of pay for hours worked in excess of 40 in a workweek.

9. Westerkamp has given written consent to join this action, attached hereto as Exhibit A.

    **2. Plaintiff Theresa Hill**

10. Plaintiff Theresa Hill ("Hill") is a resident of Ohio and a United States citizen. Hill has been employed by UEW as a registered nurse working out of its Cincinnati office since June 5, 2016.

11. At all times relevant to this Complaint, Hill: (a) has been an "employee" of UEW as that term is defined by the FLSA; (b) has been paid by UEW on an hourly basis;

(c) has been eligible to receive overtime compensation under the FLSA; and (d) has not received overtime compensation of time-and-a-half her regular rate of pay for hours worked in excess of 40 in a workweek.

12. Hill has given written consent to join this action, attached hereto as Exhibit B.

**C. Defendants**

**1. Defendant United Energy Workers Healthcare Corporation**

13. Defendant UEW is an Ohio corporation that operates a home-healthcare agency with at least 23 offices in at least 18 states. One such office is located at 4790 Red Bank Road, Cincinnati, OH 45227, within the jurisdiction of this Court. The agency offers healthcare services for former workers in the nuclear energy industry pursuant to the Radiation Exposure Compensation Act and the Energy Employees Occupational Illness Compensation Program.

14. At all times relevant to this Complaint, UEW has maintained operational control over several related entities, including, but not limited to, Four Corners Health Care Corporation, Clinch River Home Healthcare, Inc., Brightmore Home Care of Kentucky LLC, Kentucky Energy Workers Healthcare LLC, Four Corners Health Care Corp., and Four Corners Heath Care – NM, LLC (collectively "Subsidiary Employers").

15. The Subsidiary Employers are engaged in substantially the same business as UEW, share common ownership and management with UEW, operate out of a common corporate headquarters with UEW, and operate pursuant to the same policies and procedures as UEW, including those governing employee classification and compensation. Moreover, UEW performs payroll, timekeeping, and other employment functions for the Subsidiary Employers. By way of example, Kentucky Energy Workers

4

Healthcare LLC is listed with the Kentucky Secretary of State as having its principal office at 42 Plaza Dr., Suite 5, South Shore, KY 41175. On its website, Defendant UEW lists one of its Kentucky locations as being located at the same address. As another example, Brightmore Home Care of Kentucky LLC lists its principal office with the Kentucky Secretary of State as 614 East Main Street, Suite C, Riverton, WY 82501. That is the headquarters of Defendant UEW.

16. At all times relevant to this Complaint, Defendant UEW has been an "employer" of Plaintiffs and similarly situated home healthcare providers as that term is defined by the FLSA. UEW has substantial control over the working conditions of Plaintiffs and similarly situated home healthcare providers employed by UEW and the Subsidiary Employers, and sets policies regarding the manner in which they are classified and compensated.

17. At all times relevant to this Complaint, UEW has been a covered employer within the meaning of the FLSA because it engages in "commerce" as that term is defined by the statute and/or because its gross revenue exceeds $500,000 per year.

**2. Chad Shumway**

18. Defendant Chad Shumway is an owner of Defendant UEW and the Subsidiary Employers.

19. Mr. Shumway is listed as an officer of many of the Subsidiary Employers with the secretaries of state of the states in which they are organized. By way of example, Defendant Chad Shumway is identified with the Kentucky Secretary of State as an officer of Brightmore Home Care of Kentucky LLC.

20. Defendant Chad Shumway is individually liable to members of the Hourly Healthcare Collective because he is an "employer" as that term is defined by the FLSA.

5

Mr. Shumway oversees and/or directs the operation of UEW and the Subsidiary Employers, and has responsibility for, among other things, setting policies and practices relating to classification and compensation of home healthcare providers working for those entities.

21. At all relevant times, by virtue of his role as owner of UEW and the Subsidiary Employers, Mr. Shumway had the power to stop any illegal pay practices that harmed employees of those entities.

### 3. Travis Shumway

22. Defendant Travis Shumway is an owner of Defendant UEW and the Subsidiary Employers.

23. Mr. Shumway is listed as an officer of many of the Subsidiary Employers with the secretaries of state of the states in which they are organized. By way of example, Defendant Travis Shumway is identified with the Kentucky Secretary of State as an officer of Brightmore Home Care of Kentucky LLC.

24. Defendant Travis Shumway is individually liable to members of the Hourly Healthcare Collective because he is an "employer" as that term is defined by the FLSA. Mr. Shumway oversees and/or directs the operation of UEW and the Subsidiary Employers, and has responsibility for, among other things, setting policies and practices relating to classification and compensation of home healthcare providers working for those entities.

25. At all relevant times, by virtue of his role as owner of UEW and the Subsidiary Employers, Mr. Shumway had the power to stop any illegal pay practices that harmed employees of those entities.

### 4. Stephanie Peterson

26. Defendant Stephanie Peterson is the Chief Operating Officer of Defendant UEW and the Subsidiary Employers. By way of example, Defendant Peterson is identified with the Kentucky Secretary of State as the organizer of Kentucky Energy Workers Healthcare LLC.

27. Defendant Stephanie Peterson is individually liable to members of the Hourly Healthcare Collective because she is an "employer" as that term is defined by the FLSA. Ms. Peterson oversees and/or directs the operation of UEW and the Subsidiary Employers, and has responsibility for, among other things, setting policies and practices relating to classification and compensation of home healthcare providers working for those entities.

28. At all relevant times, by virtue of her role as owner of UEW and the Subsidiary Employers, Ms. Peterson had the power to stop any illegal pay practices that harmed employees of those entities.

### 5. Defendants Generally

29. At all times relevant to this Complaint, Defendants employed or acted in the interest of an employer toward Plaintiffs and other similarly situated current and former hourly healthcare workers employed by UEW and the Subsidiary Entities. Specifically, and among other things, they maintained control, oversight, and direction over Plaintiffs and other healthcare workers, including with respect to job classification, timekeeping, payroll, and other employment practices applied to them. Defendants applied the same employment policies, practices, and procedures to all of their hourly healthcare providers

7

nationwide and to the hourly healthcare providers employed by the Subsidiary Employers.

30. At all times relevant to this Complaint, Defendants and the Subsidiary Employers have operated as a "single enterprise" within the meaning of the FLSA, that is, Defendants performed related activities through unified operation and common control for a common business purpose; namely, the operation of a home-healthcare agency.

31. Even if Defendants do not constitute a single enterprise, at all times relevant to this Complaint Defendants and the Subsidiary Entities were "joint employers" of Plaintiffs and the Hourly Healthcare Collective within the meaning of the FLSA.

## STATEMENT OF THE CASE

32. Defendant UEW operates at least 23 home health agency locations in at least 18 states. The primary function of the locations is to provide home health nursing, home health aides, and personal care assistance to former energy workers.

33. Plaintiffs and members of the Hourly Healthcare Collective are registered nurses, licensed practical nurses, home health aides, nursing assistants, personal care assistants, and other individuals that Defendants and the Subsidiary Employers employ on an hourly basis. Because they are paid on an hourly basis, Plaintiffs and members of the Hourly Healthcare Collective are not "exempt" as that term is defined by the FLSA.

34. UEW and the Individual Defendants maintain strict control, oversight, and discretion over the operation of the satellite locations, whether operating as UEW or as Subsidiary Employers, including employment practices with respect to Plaintiffs and the Hourly Healthcare Collective. Specifically, UEW and the Individual Defendants: (1) dictate when and how Plaintiffs and members of the Hourly Healthcare Collective perform their duties, (2) maintain the authority to hire and fire Plaintiffs and members

of the Hourly Healthcare Collective; (3) maintain employment records for Plaintiffs and members of the Hourly Healthcare Collective; (4) establish the rate and method of payment for Plaintiffs and members of the Hourly Healthcare Collective, and (5) submit for payment to the Department of Labor for services performed by Plaintiffs and members of the Hourly Healthcare Collective.

35. Plaintiffs and members of the Hourly Healthcare Collective routinely work more than 40 hours per week.

36. Pursuant to a centralized, company-wide policy, pattern, and/or practice mandated by the Individual Defendants, UEW and the Individual Defendants have failed to pay Plaintiffs and other members of the Hourly Healthcare Collective one and a half times their regular rate of pay for hours worked over 40 in one or more weeks.

37. UEW and the Individual Defendants utilize two separate, illegal schemes to avoid the statutory duty to pay premium overtime compensation to Plaintiffs and members of the Hourly Healthcare Collective.

38. First, UEW and the Individual Defendants pay some of the hours worked by Plaintiffs and members of the Hourly Healthcare Collective in excess of 40 hours at the employees' regular hourly rates through its normal and customary payroll process.

39. Second, UEW and the Individual Defendants intentionally circumvent federal overtime laws by paying Plaintiffs and members of the Hourly Healthcare Collective as independent contractors for hours worked in excess of 40 hours in a week.

40. To carry out these illegal schemes, UEW and the Individual Defendants instruct Plaintiffs and members of the Hourly Healthcare Collective to submit hours in excess of 40 hours per week on separate contractor time sheets. The hours submitted on these time sheets are for work performed in the same work week as hours for which they

are paid as employees, and constitute hours worked in excess of 40 hours per week. The work they perform as "independent contractors" is identical to the work they perform as employees for the first forty hours of every week.

41. UEW and the Individual Defendants instruct Plaintiffs and members of the Hourly Healthcare Collective to sign these sheets as contractors and pay them as contractors at a rate equal to or less than their normal hourly rate for these hours worked in excess of 40 hours per week.

42. UEW and the Individual Defendants have routinely paid Plaintiffs and members of the Hourly Healthcare Collective as independent contractors at a rate less than or equal to their regular hourly rate for work performed in excess of 40 hours per week.

43. Plaintiffs and members of the Hourly Healthcare Collective are misclassified as independent contractors because, among other things: (1) the work for which UEW and the Subsidiary Employers pays them as independent contractors is identical in all material respects to the work they perform as employees for the first 40 hours each work week; (2) they are economically dependent on UEW and the Subsidiary Employers for work; (3) the services rendered by Plaintiffs and the Hourly Healthcare Collective are an integral part of the business of UEW and the Subsidiary Employers; and (4) UEW, the Individual Defendants, and the Subsidiary Employers exercise a high degree of control over their working conditions.

44. Plaintiffs and members of the Hourly Healthcare Collective are similarly situated in that they are all hourly employees that are subject to common compensation policies, patterns, and/or practices of UEW and the Individual Defendants.

45. Defendants' policy, pattern, and/or practice of paying Plaintiffs and members of the Hourly Healthcare Collective their normal hourly wage or less for hours worked in excess of 40 is a willful violation of the FLSA. The unlawful conduct has been widespread, repeated, and consistent.

46. As a result of Defendants' illegal scheme to avoid paying overtime, Plaintiffs and members of the Hourly Healthcare Collective have suffered damages, including, but not limited to, the loss of overtime wages, excess tax liability for the portion of wages incorrectly paid as independent contractor payments, and interest on that amount, which further reduced the wages they received.

47. UEW and the Individual Defendants did not act in good faith. Plaintiffs and members of the Hourly Healthcare Collective are entitled to liquidated damages on the above amounts.

48. Plaintiffs bring this collective action on behalf of themselves and all other registered nurses, licensed practical nurses, home health aides, nursing assistants, personal care assistants, and other individuals who Defendant UEW and its Subsidiary Employers employ on an hourly basis, who were not exempt from overtime pay, and who Defendant UEW and the Subsidiary Employers have failed to pay at a rate of one and a half times the individual's regular hourly rate for work performed in excess of 40 hours in a work week during the three years preceding the filing date of this action.

## CAUSES OF ACTION

### COUNT 1
### Failure To Pay Overtime (FLSA)

49. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

50. Plaintiffs and members of the Hourly Healthcare Collective are or were non-exempt, hourly employees entitled to receive one and a half times their regular hourly wages for hours worked in excess of 40 hours in a work week.

51. Defendant UEW and the Individual Defendants failed to pay Plaintiffs and members of the Hourly Healthcare Collective one and a half times their regular hourly wages for hours worked in excess of 40 hours in a work week. Instead, Defendant UEW and the Individual Defendants paid them only their regular hourly wage or, in some cases, a lesser amount. The failure to pay is ongoing. Defendant UEW and the Individual Defendants directed the underpayment of hourly healthcare workers of its subsidiaries as well.

52. Defendant UEW and the Individual Defendants also misclassified much or all of the wages Plaintiffs and members of the Hourly Healthcare Collective should have been paid for hours worked in excess of 40 hours in a work week as independent contractor payments. The misclassification is ongoing. Defendant UEW and the Individual Defendants directed the misclassification of hourly healthcare workers of its subsidiaries as well.

53. This misclassification caused Plaintiffs and members of the Hourly Healthcare Collective to suffer an additional loss of wages as they were required to pay their employers' portion of payroll taxes to the relevant taxing authorities. The damages continue to accrue.

54. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the Hourly Healthcare Collective are entitled to damages, including but not limited to unpaid wages, excess tax liability, liquidated damages, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs Kim Westerkamp and Theresa Hill pray for all of the following relief on behalf of themselves and all other similarly situated members of the Hourly Healthcare Collective:

1. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiffs and their counsel to represent the collective action members.

2. Unpaid overtime wages (including the amount overpaid as taxes resulting from misclassification), reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

3. An award of prejudgment and post-judgment interest.

4. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

5. Such other and equitable relief as the Court deems appropriate.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Susan L. Butler (OH No. 0082811)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
sbutler@mezibov.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiffs demand a jury trial to resolve all issues of fact related to this Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)